UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RICHARD E. SUYDAM, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:14-cv-00047-JDL |
| | ) | |
| CARLO PUIIA, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION FOR SUBPOENA**

On August 28, 2015, Defendants filed a motion for summary judgment. (ECF No. 32.) On September 21, Plaintiff, citing his absence from Maine to attend to a personal matter, requested an extension of time within which to file his response to the motion. (ECF No. 35.) The Court granted the motion. (ECF No. 36.) On October 13, Defendant requested an additional extension of time in order "to perfect [his] filing" in connection with the motion. (ECF No. 37.) The Court granted the request. (ECF No. 38.)

On October 16, Plaintiff filed a "Motion for Subpoena Ability in Response to Summary Judgment." (ECF No. 39.) Through his motion, Plaintiff contends that the testimony of certain witnesses is required to establish that the evidence presented by Defendants lacks credibility. Plaintiff filed another motion to extend the time to respond to the motion for summary judgment on October 22. (ECF No. 40.) In the motion, Plaintiff referenced his subpoena motion, and requested an extension of time until October 27. The Court granted the motion. (ECF No. 41.)

In essence, Plaintiff seeks leave to conduct additional discovery. A request for a subpoena is subject to the Court's scheduling order. *Marzoll v. Marine Harvest US, Inc.*, No. 1:08-cv-00261,

2009 WL 3631403, at *1 (D. Me. Oct. 30, 2009) (citing *Williamson v. Horizon Lines LLC,* 248 F.R.D. 79, 83 (D. Me. 2008), and *Alper v. United States,* 190 F.R.D. 281, 283 (D. Mass. 2000)). Discovery in this matter closed on December 8, 2014. Plaintiff's request, therefore, was filed more than ten months after the expiration of the discovery deadline. In addition, Plaintiff has failed in any meaningful way to demonstrate the relevance of the testimony of the potential witnesses, or that Plaintiff could not have secured their testimony previously. Accordingly, the Court denies Plaintiff's motion for subpoena ability. (ECF No. 39.)

Because Plaintiff filed the motion before the deadline for the filing of his response to Defendants' motion for summary judgment, and because Plaintiff evidently has been awaiting a ruling on this motion before he files a response to the motion for summary judgment,[1] the Court will extend the time by which Plaintiff must file a response to the motion. Specifically, Plaintiff shall file his response to the motion for summary judgment on or before December 4, 2015.

### CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of November, 2015.

---

[1] In his most recent motion for extension of time, Plaintiff suggested that he had not filed a response to the motion because he was waiting for the Court's decision on his subpoena motion. (ECF No. 40.)